IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHON BERRONG, | : | PRISONER CIVIL RIGHTS |
| also known as Shon Berrong, | : | 28 U.S.C. § 1331 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| MAG. JUDGE JOAN BLOOM, | : | CIVIL ACTION NO. |
|     Defendant. | : | 1:15-CV-3639-WSD-JFK |

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Chon Berrong, confined in Dooly State Prison in Unadilla, Georgia, has submitted a *pro se* civil rights complaint, as amended. The Court previously granted Plaintiff *in forma pauperis* status, and the matter is now before the Court on the complaint, as amended [5],[1] for screening under 28 U.S.C. § 1915A; on Plaintiff's second application to proceed *in forma pauperis* [6]; and on Plaintiff's motion for a preliminary injunction and restraining order [7].

---

[1] "Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Plaintiff's ambiguous statement – "that previous filing against Judge Jason B. Fincher is the active amend to supersede and taken the place of this one means the same" – does not change the result. (See Am. Compl. ¶ IV, ECF No. 5). Further, the Court notes that Plaintiff does not state a claim against Judge Fincher for the same reasons as discussed below in regard to Judge Bloom.

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it "lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint.  Johnson v. City of Shelby, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous

2

AO 72A
(Rev.8/82)

factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham, 654 F.3d at 1175. Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 759 (2014).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against "Judge Joan Bloom in the Superior Court of Cobb County State of Georgia," construed as bringing an action against former

Magistrate Judge Joan Bloom. (Am. Compl. at 1). Plaintiff alleges the following. (Id. ¶ IV). An officer accused Plaintiff of possessing a new drug, and Plaintiff was charged with violating Georgia's Controlled Substance Act. Subsequently, Plaintiff's claim of innocence was ignored, and he received insufficient process for his felony sentence. (Id.). Plaintiff seeks ten million dollars in damages. (Id. ¶ V).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.2000)) (internal quotation marks omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. (quoting Bolin, 225 F.3d at 1239) (internal quotation marks omitted).

Plaintiff alleges no action by former Judge Bloom that was taken outside her judicial capacity or that was taken in the complete absence of all jurisdiction. Former Judge Bloom is protected by absolute judicial immunity, and this action fails.

## II. Conclusion

The Clerk of Court is **DIRECTED** that Defendant State Court of Cobb County be removed as Plaintiff's amended complaint no longer names the State Court as a defendant. (See Am. Compl. at 1).

**IT IS ORDERED** that Plaintiff's second application to proceed *in forma pauperis* [6] is **DENIED** as moot as the Court has already granted Plaintiff *in forma pauperis* status.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim and that Plaintiff's motion for a preliminary injunction and restraining order [7] be **DENIED** as moot.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED**, **DIRECTED**, **and RECOMMENDED** this 9th day of November, 2015.

*/s/ Janet F. King*
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev.8/82)