IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHON BERRONG, a/k/a Shon Berrong, | |
| Plaintiff, | |
| v. | 1:15-cv-3639-WSD |
| JUDGE JASON B. FINCHER, and JUDGE JOAN BLOOM, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Chon Berrong a/k/a Shon Berrong's ("Plaintiff") Objections [11, 12, 13] to Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [9], following her review of Plaintiff's Amended Complaint [5] pursuant to 28 U.S.C. § 1915A. Also before the Court are Plaintiff's "Order to Show Cause for An Preliminary Injunction & A Temporary Restraining Order" [7] and Motions for Preliminary Injunction [16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 32, 34, 35, 37, 38].

**I.   BACKGROUND**

On October 13, 2015, Plaintiff, then an inmate at the Hayes State Prison in Trion, Georgia, filed his Complaint asserting claims against the Honorable Jason

B. Fincher ("Judge Fincher") under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

On October 20, 2015, Magistrate Judge King granted Plaintiff leave to proceed *in forma pauperis*.

On November 2, 2015, Plaintiff, while incarcerated at Dooly State Prison in Unadilla, Georgia, filed his Amended Complaint [5] asserting civil rights claims against the Honorable Joan Bloom ("Judge Bloom").[2]  Although largely incomprehensible, Plaintiff's claims are premised on his perceived deficiencies in, and dissatisfaction with, Judge Bloom's[3] role in Plaintiff's state court criminal proceedings.[4]  Plaintiff "[p]rays four [sic] a judgment against the Defendant for the previous amount [of 10 million dollars] and some change."  (Am. Compl. 3-4).  Plaintiff also filed his "Order to Show Cause for An Preliminary Injunction & A

---

[1]   The Court notes that "[c]laims brought under *Bivens* are similar to § 1983 claims, because *Bivens* essentially created a remedy against federal officers, acting under color of federal law . . . Courts generally apply § 1983 law in *Bivens* actions." Topping v. U.S. Dept. of Educ., 510 F. App'x 816, 818 (11th Cir. 2013).

[2]   The Magistrate Judge noted that Judge Bloom is a former magistrate judge in the Superior Court of Cobb County.  (R&R at 3).

[3]   The Court notes that Plaintiff also identifies Judge Bloom as "[t]he Assistant District Attorney Joan Bloom" in the Amended Complaint.  (Am. Compl. [5] at 3).

[4]   Plaintiff asserts that he was "sentenced to 1st Offender Act By: (A.D.A) [sic]" even though he "insisted to [Judge Bloom] that [he] was not guilty [because] [his] sister-n-law [sic] admitted to [him] that the oncontroled [sic] substance was her and [his] brothers" and that he was wrongfully charged "with violation of Georgia Control Substance Act."  (Id.).

Temporary Restraining Order" [7].

On November 9, 2015, the Magistrate Judge issued her R&R. The Magistrate Judge found that Judge Fincher and Judge Bloom are immune from suit for actions taken in their judicial capacity, and she recommended that Plaintiff's claims against them be dismissed pursuant to 28 U.S.C. § 1915A.

On November 11, 16, and 20, 2015, respectively, Plaintiff filed several incoherent documents entitled "Order of Knowledge to All Witness Despondant [sic] Unnamed Defendant Plaintiff Re:Request Final Report and Recommendation" [11]; "Order for Service of Report and Recommendation to Proceed in Filing the Transcript of Any Evidentiary Hearing [12]; and "Order of Objection by: [sic] United States Magistrate Judge's Order and Final Report and Recommendation" [13]. The Court construes these documents together as Plaintiff's Objections to the R&R.[5]

From December 16, 2015, to April 4, 2016, the Clerk of Court received several documents entitled "Preliminary Injunction" [16, 17, 18, 19, 20, 21, 22, 23,

---

[5] On March 18, 2016, Plaintiff filed his "Order of Objection in the Absence of a Proper Objection" [36]. In it, Plaintiff "seeks the Court to end the feeding of real meet and implement process [sic] meat for safety of the prisoners" and also "seeks a Order for the Court to end feeding oranges and replace the fruit as a [sic] apple." (See [36] at 2-3). To the extent Plaintiff intended it as a supplement to his Objections, Plaintiff's filing is nonsensical, rambling, and incoherent, and the Court will not consider it. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

3

24, 25, 27, 28, 29, 30, 32, 34, 35, 37, 38] in which Plaintiff appears to seek action against several individuals unrelated to this action.  Plaintiff's filings are nonsensical, rambling, and incoherent.  For example, Plaintiff "seeks the Court to make the Kiosk [Cell Phone] Provider give each Prisoner one (1) free phone call" (see [25] at 3), "seeks removal of the season food Access Secure Pak (ASP) [sic]" (see [17] at 2), and requests "that the Prisoners confined in the Gwinnett County Adult Detention Facility are permitted to have smoke breaks outside the Gwinnett county (carpet floor) Jail." (see [35] at 2).

## II. DISCUSSION

### A. Legal Standards

#### 1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error

review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Plaintiff's Objections, like the rest of his filings, are incoherent.  They do not address the Magistrate Judge's reasons for recommending dismissal of Plaintiff's Complaint and instead consist of rambling allegations that are nearly impossible to discern.[6]  These are not valid objections and the Court will not consider them.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  The Court reviews the R&R for plain error.

### 2.     Review for Screening Prisoner Civil Rights Actions

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous.  28 U.S.C. § 1915A(a).  Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to

---

[6]     For example, Plaintiff claims that "Magistrate Judge Joan Bloom ignored innocence when she failed to make insufficient process and gave [him] a felony sentence instead of federal and caused the lack of jurisdiction we are in today" and that "we [sic] are in objection to the dismissal of the plaintiff's motion as moot for a preliminary injunction; and restraining order had been common law domestic violence in its Tier II." (See [13] at 4-5).

dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265,

6

286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

   B.   Analysis

The Magistrate Judge found that Plaintiff's claims against Judge Fincher and Judge Bloom are required to be dismissed because judges are immune from suit for actions related to the performance of their judicial functions. Plaintiff did not assert a valid objection to this recommendation and the Court finds no plain error in it. See Imbler v. Pachtman, 424 U.S. 409, 418 (1976) ("The common-law absolute immunity of judges for acts committed within their judicial jurisdiction . . . was found to be preserved under section 1983[.]") (citations omitted); see also Jarallah v. Simmons, 191 F. App'x 918, 920 (11th Cir. 2006); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation omitted) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity . . . [t]his immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.").

The Court has reviewed the record in this case and, finding no plain error, adopts the findings and recommendations in the R&R. Plaintiff's claims against Judge Fincher and Judge Bloom are required to be dismissed. See 28 U.S.C. §§ 1915A(b)(1), (b)(2) (providing that the Court "shall dismiss" a prisoner's

complaint that "fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief").

Because Plaintiff fails to state a viable claim for relief, Plaintiff's motions seeking preliminary injunctive relief are denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [11, 12, 13] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's R&R [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Order to Show Cause for An Preliminary Injunction & A Temporary Restraining Order" [7] and Motions for Preliminary Injunction [16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 32, 34, 35, 37, 38] are **DENIED AS MOOT**.

**SO ORDERED** this 20th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE